UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-7014-CIV-DIMITROULEAS

STATE CONTRACTING & ENGINEERING
CORPORATION, a Florida Corporation,

Magistrate Judge Torres

    Plaintiff,

vs.

CONDOTTE AMERICA, INC., a Florida corporation,
f/k/a RECCHI AMERICA, INC.;
THE MURPHY CONSTRUCTION CO.,
a Florida corporation; THE HARDAWAY COMPANY,
a Georgia corporation; HUBBARD CONSTRUCTION
COMPANY, a Florida corporation;
BALFOUR BEATTY CONSTRUCTION, INC.,
a Delaware corporation; COMMUNITY ASPHALT
CORP., a Florida corporation; and HANSON
PIPE & PRODUCTS SOUTHEAST, INC., f/k/a
JOELSON CONCRETE PIPE COMPANY, INC.,

    Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION
## AND ORDERING DISBURSEMENT OF FUNDS HELD IN THE COURT REGISTRY

THIS CAUSE is before the Court upon the Cross-Motion/request to disburse only the monies in the Court registry payable to State Contracting under the Federal Circuit Mandate entered October 19, 2006 [DE 641] and the February 7, 2007 Report and Recommendation of Magistrate Judge Barry S. Seltzer [DE 646]. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the entire court record herein, including the Report and Recommendation [DE 646], the Objections of Claimant Richard S. Ross [DE 647] as well as the underlying Cross-Motion [DE 644] and Response [DE 645] and is otherwise fully advised in the premises.

This matter originally came before the Court on Richard S. Ross's Motion to Lift Stay of Execution of the fee and cost judgment entered against him in this matter [DE 638], which

requested the disbursement of all the monies currently held in the Court registry pursuant to the Federal Circuit's Mandate entered October 19, 2006 [DE 636]. This Motion was referred by the Court to the Magistrate by Order on October 25, 2006 [DE 640]. After the original motion was fully briefed, Claimant Ross withdrew his motion. This withdrawal, however, came after State Contracting filed a Response, which the Magistrate construed as a cross-motion/request to disburse only the monies in the Court registry payable to State Contracting under the Mandate. After Ross's Notice of Withdrawal, the Magistrate issued an Order directing Ross to respond. The Response by Ross Objected to the Magistrate's exercise of jurisdiction over the Cross-Motion as exceeding the scope of the Court's referral and further argued that the Court should not disburse the funds in the Court's registry but should instead stay the execution of the Circuit Court's Mandate and maintain the *status quo* pending resolution of Ross's petition for certiorari with the United States Supreme Court. Ross raises the same two arguments in his Objection to the Magistrate's Report and Recommendation.

As to Ross's objection concerning the Magistrate's jurisdiction, the Court concludes that the Magistrate did not exceed the scope of this Court's Order of Reference. As the Magistrate points out, the Order of Reference required the Magistrate to appropriately dispose of the motion, which would necessarily include any cross-motions arising out of the motion. Accordingly, the Court agrees that the Magistrate had jurisdiction to consider the cross-motion and file this Report and Recommendation with the Court. However, the Court notes that in light of the following discussion concerning the merits of Mr. Ross's claim, that regardless of whether the Magistrate incorrectly construed State Contracting's Response as a cross-motion or not, the Court would have been compelled to enter the judgment ultimately recommended by the Magistrate in

2

accordance with the mandate of the Appellate Court.[1]

The second of Mr. Ross's Objections is also dispensed with easily. The Magistrate points out, and the Court agrees, that the mandate of a higher appellate court is "controlling as to matters within its compass." Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939); See also Litman v. Mass. Mut. Ins. Co., 825 F.2d 1506, 1516 (11th Cir. 1987) ("When an appellate court issues a clear and precise mandate . . . the district court is obligated to follow the instruction."). Once a mandate is issued by a circuit court, the district court has no jurisdiction to stay the mandate. Once again, as the Magistrate points out, Under 28 U.S.C. §2101(f), only an appellate court or a justice of the Supreme Court has jurisdiction to stay an appellate court's final judgment pending Supreme Court review of a certiorari petition.[2] Accordingly, because the Appellate Court affirmed the judgment as to the charging lien, and as to the attorney's fees,[3] the Court has no other option but to execute this Mandate and disburse the funds currently held in the Court registry.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 646] is hereby **ADOPTED**;

2. The Objections of Claimant Richard S. Ross [DE 647] are hereby **OVERRULED**;

3. State Contracting's Cross-Motion for Disbursement of Funds from the Court Registry [DE 641] is hereby **GRANTED in part**;

---

[1] See Thornton v. Carter, 109 F.2d 316, 321 (8th Cir. 1940) (holding that a party is entitled to have a Circuit Court decree entered without "any application or motion on [his] part.")

[2] "In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree by a justice of the Supreme Court . . . ." 28 U.S.C. §2101(f).

[3] The Federal Circuit Mandate states "In sum, we affirm the judgment as to the charging lien, and we affirm the district court's award of attorney fees to State Contracting for its defense of Ross's charging lien claim. Each party shall bear its own costs for this appeal." [DE 636]

4. The Clerk of the Court shall disburse all funds from the Court registry as follows:

    a. $248,404.96 shall be disbursed to State Contracting, plus its pro rata share of the interest at 3.84% per annum from the date of the judgment (August 11, 2005);

    b. The remaining amounts contained in the registry (the additional 10% of the judgment plus pro rata interest) should be disbursed to Richard S. Ross;

4. This case shall remain closed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of March, 2007.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Seltzer
Glen N. Smith, Esq.
John H. Faro, Esq.
Mike A. Piscitelli, Esq.
Richard S. Ross, Esq.
Warren G. McCormick, Esq.
Harvey S. Kauget, Esq.
Stefan V. Stein, Esq.
Charles D. Harper, Esq.
John Harrison Rains, III, Esq.
Bruce Jacobs, Esq.